IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGIA GREEN, #302-112, | * |
| Plaintiff, | * |
| v. | *  CIVIL ACTION NO.  PJM-04-3978 |
| RICHARD KUPEC, et al., Defendants. | * |

******

**MEMORANDUM OPINION**

Defendants have moved for dismissal or summary judgment against Plaintiff Georgia Green.  Paper No. 18.  Plaintiff has filed an opposition.[1]  Paper Nos. 22 and 29.  The issues in the motions have been fully briefed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the dispositive motion filed by Defendants, treated as a Motion for Summary Judgment, will be granted.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Not every factual dispute will defeat the motion.  As the Supreme Court has stated,

> [b]y its very terms, this standard provides that the mere existence of *some*

---

[1]Plaintiff has recently filed an Amended Complaint and Motion for Leave to Proceed in Forma Pauperis. Paper Nos. 27 and 28.   The Motion for Leave to Proceed in Forma Pauperis shall be denied as moot. Plaintiff has already been granted pauper status.  Plaintiff's Amended Complaint, treated as Motion for Leave to File an Amended Complaint shall likewise be denied. Plaintiff raises new allegations in the Amended Complaint, stating that Defendant Puller failed to protect him from a known risk of harm.  Plaintiff is free to file this claim as a new civil action.

> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

**Background**

Plaintiff alleges that Correctional Officer Murray, while assigned to the medical ward's "special needs" program, stole a money order in the amount of $100.00 from Plaintiff. He further alleges that Ms. Puller of the mental health department has refused Plaintiff service after the money order was stolen. Plaintiff claims that the Warden and Assistant Warden refused to assist Plaintiff regarding the stolen money order and that when Officer Holmes attempted to assist Plaintiff he was warned not to give [Plaintiff] any information. Paper No. 1.

It is undisputed that on January 14, 2004, Plaintiff filed an ARP complaining that Ms. Puller had changed his housing assignment. Paper No. 18, Ex. 1. Plaintiff's ARP stated that after settling into his new housing assignment he was called to the Captain's Office and told by

the Captain that he was a "trashy no good son of a bitch" and that he would be off the Captains tier by the weekend. *Id*. The ARP was denied pending re-submission because Plaintiff failed to state the date on which the alleged incident occurred. *Id.*

In January of 2004, Plaintiff advised Lt. Holmes that Officer Holmes had stolen his $100.00 money order. *Id.*, Ex. 2. Lt. Holmes reported the incident to his supervisor. Plaintiff was interviewed regarding his allegations. He did not submit an ARP regarding his claim. *Id.*

Defendant Puller treated Plaintiff in February of 2004. Plaintiff discussed issues surrounding his property but did not report that a money order had been stolen by staff. *Id.*, Ex. 3. Puller noted that Plaintiff was "coping well" and would be followed up on an "as needed" basis. Plaintiff was seen by psychology and psychiatry staff five other times in 2004. *Id*. At no time did he report the theft of his money order to staff of the psychology and psychiatry department. *Id.*

**Analysis**

**A.     Exhaustion:**

The Court first examines Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all

3

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md.

Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff filed one ARP regarding the change in his housing assignment.  This ARP was dismissed, requiring Plaintiff to resubmit same with more information. This Plaintiff failed to do.  Plaintiff did not file any ARPs regarding the theft of his money order, the refusal of Ms. Puller to treat him, or his conclusory claims that the named Defendants fail to assist him as to the alleged theft.  Plaintiff clearly has failed to exhaust available administrative remedies with regard to his claim that a money order was stolen and that correctional officials failed to assist him.[2] Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to file the appropriate appeals.

A separate Order will be entered in accordance with this Memorandum Opinion.

January 25, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, in the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U. S. 327 (1986).  Maryland's Tort Claims Act and Inmate Grievance Office provide such a remedy.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).